UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TASIA J. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | 11 C 3602 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| CITY OF WOODSTOCK, FREDERICK R. SPITZER, | ) | |
| and SANDRA VALLE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tasia J. Thomas brought this action under 42 U.S.C. § 1983 against the City of

Woodstock and two members of its police department.  Thomas filed suit in the Eastern Division

of this District, and Defendants have moved to transfer the case to the Western Division.

Section 1404(a) of Title 28 provides:

> For the convenience of parties and witnesses, in the interest of justice, a
> district court may transfer any civil action to any other district *or division*
> where it might have been brought.

28 U.S.C. § 1404(a) (emphasis added).  As the emphasized text makes clear, § 1404(a) permits

transfer from one division of this District to the other.  An inter-division transfer under § 1404(a)

is appropriate where (1) venue is proper in both this division and the transferee division, (2) the

transferee division is more convenient for both the parties and the witnesses, and (3) the transfer

would serve the interests of justice.  *See Simes v. Jackson Nat'l Life Ins. Co.*, 2005 WL 2371969,

at *1 (N.D. Ill. Sept. 22, 2005); *German Am. State Bank ex rel. Estate Cowan v. United States*,

2004 WL 1535846, at * 1 (N.D. Ill. July 8, 2004).  All three requirements are satisfied here.

First, venue is proper in both divisions. *See German Am. State Bank*, 2004 WL 1535846, at * 1 ("because the Northern District of Illinois has no local rule requiring divisional venue, plaintiff could have filed her complaint in either the Eastern Division or the Western Division") (citation and alteration omitted).

Second, the convenience to the parties and the witnesses strongly supports transfer. All material events occurred in the City of Woodstock, which is located in McHenry County, which falls in the Western Division. *See* 28 U.S.C. § 93(a)(2). All defendants live or are located in the Western Division. Thomas herself lives in the Western Division, and each of the nine witnesses identified by Defendants lives or works in McHenry County. Woodstock is closer to the Western Division's Rockford courthouse (43 miles) than to the Eastern Division's Chicago courthouse (63 miles), and Chicago's heavier traffic and congestion make travel from Woodstock to Chicago decidedly more unpredictable, inconvenient, and time-consuming than travel from Woodstock to Rockford.

Third, because the parties are located in the Western Division and all material events occurred there, and because this case remains at an early stage, the interests of justice support transfer. *See Avco Corp. v. Progressive Steel Treating, Inc.*, 2005 WL 2483379, at *4 (N.D. Ill. Oct. 6, 2005) ("Compared to the Eastern Division, where none of the parties has any connection material to this case, the Western Division has an interest in having this case resolved there. Thus, transferring this case to the Western Division will promote the interest of justice."); *German Am. State Bank*, 2004 WL 1535846, at *3 ("it would weigh to some extent in favor of the Western Division insofar as the administration of justice is better served when the action is litigated in the forum that is closer to the action") (internal quotation marks omitted).

Thomas's arguments against transfer are unpersuasive. Most are variations on the theme that her choice of an Eastern Division forum is owed significant deference. But because Thomas lives in the Western Division and not the Eastern Division, her choice of the Eastern Division is entitled to limited deference. *See C. Int'l, Inc. v. Turner Constr. Co.*, 2005 WL 2171178, at *1 (N.D. Ill. Aug. 30, 2005) ("Where the plaintiff does not reside in the chosen forum, the plaintiff's choice of forum is still accorded some weight, but not as much as otherwise.") (collecting cases); *Monfardini v. Quinlan*, 2002 WL 1264005, at * 1 (N.D. Ill. June 4, 2002); 15 Wright, Miller, & Cooper, *Federal Practice and Procedure* § 3848, at 130 (2007) ("if the plaintiff is not a resident of the forum, then the plaintiff's forum choice is entitled to less deference"). And that limited deference is diminished even further given that "'none of the conduct occurred in the forum selected by [Thomas].'" *Wright v. UDL Labs., Inc.*, 2011 WL 760067, at *3 (N.D. Ill. Feb. 24, 2011) (quoting *Chicago Rock Island & P. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955)).

Thomas' other arguments are equally unpersuasive. She contends that the Eastern Division is more convenient because trains run from Woodstock to Chicago but not from Woodstock to Rockford. That fact is irrelevant because Thomas does not suggest that she, any party, or any witness are unable to travel to court by car. Thomas also contends that both sides' counsel are located in Chicago. But "[t]he location of counsel … is not a relevant factor under § 1404(a); otherwise, a plaintiff could manipulate the selection of a forum by its choice of an attorney." *SEC v. Kasirer*, 2005 WL 645246, at *2 (N.D. Ill. Mar. 21, 2005); *see also In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004) ("The word 'counsel' does not appear anywhere in § 1404(a), and the convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a).").

In sum, the § 1404(a) factors strongly favor transfer to the Western Division. *See*

*Wilhelm v. Cruz*, 2010 WL 5139500, at *1 (N.D. Ill. Dec. 9, 2010) (granting transfer to the

Western Division where all parties and nearly every witness were located in McHenry County,

and where the relevant events occurred in McHenry County); *Navarette v. JQS Prop. Maint.*,

2008 WL 299084, at *2-3 (N.D. Ill. Jan. 29, 2008) (granting transfer to the Western Division

where both parties and most of the relevant witnesses resided in the Western Division, and a

majority of the relevant events occurred in the Western Division); *Avco Corp.*, 2005 WL

2483379, at *5 (granting transfer to the Western Division where the Eastern Division was not the

home forum for any party, Defendants were located in the Western Division, and all relevant

conduct took place in the Western Division); *Simes*, 2005 WL 2371969, at *4 (granting transfer

to Western Division where it had more substantial connections to the litigation); *Westchester*

*Fire Ins. Co. v. Carolina Cas. Ins. Co.*, 2004 WL 170325, at *3 (N.D. Ill. Jan. 15, 2004)

(granting transfer to the Western Division where "the connection to the Eastern [Division] is

tenuous, many of the events leading to this litigation occurred in the Western Division, the

balance of convenience to the parties and witnesses favors transfer to the Western Division, and

this case has not progressed to the point where a transfer would significantly delay the

proceedings"). Accordingly, Defendants' motion to transfer is granted, and this matter is

transferred to the Western Division of this District.

August 30, 2011

_____
United States District Judge